IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTINE MARRERO, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>LAB ELITE, LLC, and ZISHAN ALVI<br><br>Defendants. | Case No. 1:22-cv-3593<br><br>Judge Mary M. Rowland |

## SCHEDULING ORDER UNDER RULE 16(b)

The Court has reviewed the parties' **Joint Status Report**, which contains a proposed discovery plan as required by Rule 26(f)(2). Based on the discovery plan proposed by the parties, the Court hereby sets the following scheduling order under Rule 16(b). The Court will modify this schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

The parties are reminded that the pendency of a dispositive motion, such as a motion to dismiss, does not automatically cause discovery to be stayed.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | February 16, 2024 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | May 15, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | N/A |
| Deposition of Plaintiff's Expert | N/A |

| Disclosure of Defendants' Expert Report(s) | N/A |
|---|---|
| Deposition of Defendants' Expert | N/A |
| Dispositive Motions | July 2, 2024 |

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

Plaintiff does not anticipate any such need for changes. The parties agree to produce initial disclosures on or before December 15, 2023.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Plaintiff proposes that discovery remain limited to only material directly relevant to a claim or defense. To this end, Plaintiff proposes that discovery proceed in a single phase focused on the topic of the hours worked by Plaintiff and the putative class members and subsequent damages owed as a result of uncompensated wages, issues related to collective action certification and issues related to willfulness / intent.

Defendant agrees that discovery proceeds in a single phase focused on the topic of the hours worked by Plaintiff, however as to the putative class members, Defendant did not believe that the class was proceeding.

Discovery should be completed on or before May 15, 2024.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

Plaintiff requests that Defendants produce payroll records, timesheets, and other similar records in a standardized electronic format, such as comma separated values, to limit the work required to necessarily convert such discovery into a workable format from which damages are discernible.

Defendant will agree to use best efforts to provide in such format, but can not represent that it will be available.

If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business

(D) any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

Plaintiff does not anticipate any need for unusual claims of privilege or protection. The parties will confer and submit an agreed protective order before the Court, if it is later determined that one is needed.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

Plaintiff does not anticipate any such needs.

Defendant does not anticipate either.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Plaintiff does not anticipate any such orders.

Defendant does not anticipate either.

SO ORDERED.
Date: **[[xx xx, 20xx]]**

                                                  MARY M. ROWLAND
                                                  United States District Judge